**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILL E. TUCKER, JR.,

      Plaintiff-Appellant,

v.

R.K. HOLLINGSWORTH, District
Attorney of Sedgwick County;
SEDGWICK COUNTY, Political
subdivision of the State of Kansas;
SEDGWICK COUNTY DISTRICT
ATTORNEY, Prosecuting Attorney for
Sedgwick County, Kansas,

      Defendants-Appellees.

No. 99-3271
(D.C. No. CV-99-3098-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

      Plaintiff-Appellant Bill E. Tucker filed a pro se complaint seeking damages

for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (See Doc.

1.) Tucker alleged that Defendants-Appellees R.K. Hollingsworth, District

Attorney of Sedgwick County, Kansas; the County of Sedgwick County, Kansas;

---

      [*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and the Office of the District Attorney of Sedgwick County, Kansas maliciously prosecuted, falsely imprisoned, and otherwise unlawfully and unconstitutionally restrained his liberty in violation of his due process and equal protection rights. (See id. at 2.) Tucker's complaint arises from the fact that Tucker spent twenty-six years in prison serving a sentence for a 1971 armed robbery conviction that was eventually overturned on state collateral review. (See id.) The state apparently set aside the conviction on the ground that the complaint and information failed to include an essential element of the crime charged. (See id. at 5.)

The district court dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) after finding that the prosecutors were entitled to absolute immunity and that Tucker had failed to state a cognizable claim against Sedgwick County. (See Doc. 3.) Tucker sought reconsideration of the district court's order dismissing the complaint pursuant to Federal Rule of Civil Procedure 59(e) (Motion to Alter or Amend the Judgment) and, in the alternative, leave to file an appeal in forma pauperis. (See Doc. 5.) The district court denied the motion for reconsideration but granted the motion for leave to proceed on appeal in forma pauperis.[1] (See Doc. 9.) We review dismissals pursuant to § 1915(e)(2)(B)(ii) and (iii) de novo. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999) (§ 1915(e)(2)(B)(ii)); Scott v. Harris, No. 98-3828, 1999 WL 506985 (6th Cir. June 10, 1999) (unpublished) (§

---

[1]Tucker filed a motion with this court on November 8, 1999 seeking leave to proceed in forma pauperis on appeal. We need not rule on the motion because it has been rendered moot by the judgment of the district court granting Tucker in forma pauperis status. We wish to remind the appellant, however, that he has an ongoing obligation to make partial payments toward the $105.00 filing fee in this case.

1915(e)(2)(B)(iii)).  In determining immunity, we accept the allegations contained in Tucker's complaint as true.  See Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502, 505, 139 L. Ed. 2d 471 (1997).

On appeal, Tucker argues that the district court erred in dismissing his complaint against Hollingsworth because prosecutors are not absolutely immune from suit.  Tucker emphasizes that his conviction was overturned because the court lacked jurisdiction to convict him due to the flawed complaint and information.  Citing Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978), Tucker asserts that judges are not immune from suit where they lack jurisdiction and that, by analogy, prosecutors should also be denied immunity under these circumstances.

We decline to adopt Tucker's reasoning.  Although the Stump decision does recognize that a judge is not entitled to immunity where he acts in the "clear absence of jurisdiction," the Court was careful to emphasize that a judge is immune from suit where he has merely acted in excess of his jurisdiction.  See id. at 356-57 & n.7.  The Court offered two examples to illustrate the difference between acts taken in the clear absence of jurisdiction and acts taken in excess of jurisdiction.  See id. at 357 n.7.  The Court explained that a probate judge who only has jurisdiction over wills and estates would act in the clear absence of jurisdiction were he to try a criminal case.  See id.  By contrast, the Court noted that if a judge of a criminal court convicted a defendant of a nonexistent crime, the judge would only be acting in excess of his jurisdiction and would be immune from suit.  See id.  We find that the trial court that convicted Tucker in 1971 based on the defective information and complaint acted in excess of it jurisdiction but did not act in the clear absence of jurisdiction.  Thus, even assuming Tucker's

contention that a prosecutor should also be denied immunity where the trial judge acts in the clear absence of jurisdiction is correct, we find that Hollingsworth should not be denied immunity because the trial court was without subject matter jurisdiction.

We further find that Hollingsworth is entitled to absolute immunity under traditional standards. The Supreme Court held in Imbler v. Pachtman, 424 U.S. 409, 410, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. The Supreme Court recently reaffirmed the holding of Pachtman in Kalina v. Fletcher. Kalina, 118 S. Ct. at 506. Tucker correctly points out that the Supreme Court emphasized in Kalina that a prosecutor is not always entitled to absolute immunity. In Kalina, the court found that a prosecutor who executed, under penalty of perjury, a certification for determination of probable cause was performing the function of a complaining witness rather than an advocate and was therefore acting outside the scope of her duties. See id. at 510. The present case is distinguishable from Kalina, however. Although Hollingsworth may have failed to specify the crime with which Tucker had been charged in the complaint and information, he was nonetheless acting within the scope of his duties in initiating and pursuing a criminal prosecution when he filed the complaint and information. We therefore agree with the district court that Hollingsworth is entitled to immunity.

Tucker also contends that the district court erred in dismissing his complaints against Sedgwick County and the Sedgwick County District Attorney's Office. We disagree. In Monell v. Department of Social Services, 436 U.S. 658, 690 & n.54, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that

- 4 -

§ 1983 applies to "local government units which are not considered part of the State for Eleventh Amendment purposes." See also Pembaur v. City of Cincinnati, et al., 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (finding that county may be held liable under § 1983). Thus, the county and district attorney's office are not immune from Tucker's suit. Monell, however, requires that the allegedly unconstitutional act must reflect "a government's policy or custom" for the county or district attorney's office to be liable. Monell, 436 U.S. at 694. Tucker has not alleged that the prosecutor acted in accordance with a policy or custom of the county or the district attorney's office when the defective complaint and information were filed.

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge